UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

      Plaintiff,                              Hon. Jane M. Beckering

v.                                               Case No. 1:22-cv-804

UNKNOWN PARTIES #1, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action September 1, 2022, against Kalamazoo County, the Late Honorable Quinn Benson,[1] and an unknown number of John/Jane Doe physicians. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

---

[1] Judge Benson passed away on June 21, 2022. *See The Honorable Quinn Earl Benson*, available at https://www.legacy.com/us/obituaries/name/quinn-benson-obituary?id=35353450 (last visited on Sept. 7, 2022).

1

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges that he was prosecuted for a crime he did not commit. Plaintiff appears to allege that Judge Benson was somehow involved in the relevant proceedings. Plaintiff further alleges that he was "forced to take unneeded unwanted psychotropic" medications.

While the Court is not unsympathetic to the events and circumstances Plaintiff describes, Plaintiff has failed to allege any facts, which, if true, would entitle him to relief against these defendants. Plaintiff does not articulate any allegations against Kalamazoo County. Likewise, while Plaintiff complains about the medical treatment he received, he does not allege any facts against the Doe Defendants that would entitle him to relief. Finally, whether Plaintiff has articulated any claim against Judge Benson is irrelevant because the judge passed away before this action was initiated.

As courts recognize, "you cannot sue a dead person." *LN Management, LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 951 (9th Cir. 2020). An action asserted against "someone who is already dead. . .is a nullity. . .[and] no substitution [is] available because there was no action really existent in which he could be substituted." *Ibid.* (citation omitted); *see also*, *Givens v. California Department of Corrections and Rehabilitation*, 2021 WL 1966086 at *3 (E.D. Calif., May 17, 2021) (where a putative defendant dies before a lawsuit is filed, the claims against him are a "nullity" and must be "dismissed with prejudice").

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 8, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge